**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By arowe at 2:19 pm, Mar 12, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | NUMBER <u>12-20161</u> |
| GREGORY H. SLAYTON | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| GENE MCQUOWN | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NUMBER <u>12-02008</u> |
| | ) | |
| vs. | ) | |
| | ) | |
| GREGORY H. SLAYTON | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before me on the motion for summary judgment ("Motion") by Plaintiff Gene McQuown. The Motion seeks a determination that Debtor Gregory H. Slayton's indebtedness to Plaintiff is non-dischargeable in Debtor's bankruptcy on the basis of fraud under 11 U.S.C. § 523(a)(2)(A). Since a state court determined that Debtor acted fraudulently in procuring the debt due Plaintiff, and because of that decision, Debtor is

precluded from re-litigating the issue of fraud in this adversary, I find that there are no genuine issues of material fact preventing summary judgment under § 523(a)(2)(A). Accordingly, Plaintiff's Motion is granted and the debt owed Plaintiff is excepted from discharge.

## UNDISPUTED FACTS

The following facts are taken from the pleadings and from Plaintiff's statement of Undisputed Material Facts. As Debtor has failed to respond to the Motion, the facts are deemed admitted.[1]

In July 2011, before Debtor filed for bankruptcy, Plaintiff sued Debtor in the Superior Court of Glynn County, Georgia ("Superior Court") for fraud in the sale of certain engine packages ("Engines"), Civil Action No.: CE11-01319-063 ("the Litigation"). (A.P. Dkt. No. 1 ¶ 6; Ex. A.)[2] Plaintiff alleged that he and Debtor entered into a contract for the Engines, and that after he paid Debtor $128,500.00, Debtor

---

[1] The local bankruptcy rules adopt the local summary judgment rule from the Southern District of Georgia, which states in part, "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." BLR Uniformity of Practice; LR 56.1, S.D. Ga.

[2] References to the docket of the underlying chapter 7 case appear in the following format: "Case Dkt. No. __." References to the docket of this adversary proceeding appear in the following format: "A.P. Dkt. No. __."

2

knowingly delivered Engines that did not meet the agreed upon specifications. (A.P. Dkt. No. 1 ¶¶ 6-11; Ex. A.) Plaintiff further alleged Debtor fraudulently attempted to conceal the defects in the Engines by representing that the Engines had been thoroughly inspected and were free from defects, and by giving Plaintiff a deceptive warranty description when Debtor knew there was no valid warranty on the Engines. (A.P. Dkt. No. 1 Ex. A.) Because Plaintiff allegedly relied on Debtor's representations and incurred significant costs when the defects affected the value of his boat, Plaintiff sought to recover between $175,000.00 and $250,000.00 in special damages as well as punitive damages. (Id.)

Before the Litigation came on for trial, on February 9, 2012, Debtor filed a chapter 7 petition for bankruptcy relief. (Case Dkt. No. 1.) Plaintiff filed a claim for $250,000.00. (Case Cl. # 1-1.)

Two months later, Plaintiff filed this adversary proceeding for a determination that his claim against Debtor be excepted from the § 1328(a) discharge under § 523(a) on the basis of Debtor's fraud.[3] (A.P. Dkt. No. 1.) On that same day, in the underlying bankruptcy case, Plaintiff moved for relief from stay

---

[3] The underlying case being a chapter 7, chapter 13 including § 1328(a) has no application here. The appropriate exception is from a § 727(a) discharge.

to pursue the Superior Court Litigation, to resolve the issue of fraud, and to establish the debt. (Case Dkt. No. 26.) On May 24, 2012, I granted limited stay relief allowing the parties to proceed with the Litigation and bring the matter to a final, non-appealable judgment. (Case Dkt. No. 48.)

That resolution occurred on December 20, 2012, when after a bench trial, the Superior Court found Debtor liable for fraud ("Judgment"). (A.P. Dkt. No. 19 Ex. D.) In rendering its Judgment, the court found that each state law element of fraud had been met and awarded Plaintiff $170,892.71 ("Debt"). (Id.)

On February 1, 2013, Plaintiff filed this Motion urging me to take judicial notice of the Litigation and find the Debt non-dischargeable on the basis of fraud under 11 U.S.C. § 523(a)(2)(A). (A.P. Dkt. No. 19.)

## CONCLUSIONS OF LAW

### I. Summary Judgment Standard

Summary judgment is appropriate where it is shown that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), made applicable here by Federal Rule of Bankruptcy Procedure 7056. A genuine issue exists where the evidence is such

AO 72A

that a reasonable jury could return a verdict for the non-moving party.  Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  Facts are material if they could affect the outcome of the suit under the applicable substantive law.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997)(citing Anderson, 477 U.S. at 248; Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)).

On a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249. In making that determination, the facts must be viewed in a light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A court may not grant a summary judgment motion merely because the motion is unopposed.  United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). Rather, the court "must consider the merits of the motion" and "ensure that the motion itself is supported by evidentiary materials."  Id. at 1101-02 (citing

Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988)).

## II. Summary Judgment is Appropriate under the Principle of Collateral Estoppel.

Under 11 U.S.C. § 523(a)(2)(A), a debt is non-dischargeable in a chapter 7 bankruptcy case if it was "obtained by false pretenses, a false representation, or actual fraud . . . ." In this case, Plaintiff argues that since the Judgment rendered by the Superior Court established Debtor's fraudulent conduct, by taking judicial notice of that Judgment, I should determine that there is no genuine issue of whether the Debt was incurred fraudulently. Thus, he urges me to grant the Motion and declare the Debt non-dischargeable as a matter of law under § 523(a)(2)(A).

While I agree with Debtor's conclusion that there is no genuine issue of fraud, I reach that conclusion not by applying the principle of judicial notice, but rather by applying the principle of collateral estoppel.

Collateral estoppel, or issue preclusion, "prohibits the relitigation of issues that have been adjudicated in a prior action." In re Colvin, No. 11-3035-JPS, 2012 WL 3775884, at *3 (Bankr. M.D. Ga. Aug. 28, 2012)(quoting Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush), 62 F.3d 1319, 1322 (11th Cir.

6

1995))(internal quotation marks omitted); see also In re Bush, 232 F. App'x 852, 854 (11th Cir. 2007)(citing Quinn v. Monroe County, 330 F.3d 1320, 1328 (11th Cir. 2003))("[C]ollateral estoppel . . . refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided . . . .")(internal quotation marks omitted). "A bankruptcy court may rely on collateral estoppel to reach conclusions about certain facts, foreclose relitigation of those facts, and then consider those facts as 'evidence of nondischargability.'" In re Thomas, 288 F. App'x 547, 548 (11th Cir. 2008)(citing In re Halpern, 810 F.2d 1061, 1064 (11th Cir.1987)).

"If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." In re St. Laurent, 991 F.2d 672, 675-76 (11th Cir. 1993)(citing In re Touchtone, 149 B.R. 721, 725 (Bankr. S.D. Fl. 1993)). In this case, the Judgment was issued by a Georgia court, so I apply the Georgia law of collateral estoppel.

> Under [the] Georgia law, collateral estoppel applies when the following elements are met: (1) there is an identity of parties between the two cases; (2) there is an identity of issues between the two cases; (3) actual and final litigation of the issue in question occurred; (4) the adjudication was essential to the earlier action; and (5) the parties had a full and fair opportunity to litigate the issues in question.

AO 72A

In re Hedd-Williams, No. 10-6091-JRS, 2011 WL 2516503, at *3 (Bankr. N.D. Ga. Mar. 30, 2011)(citing Lewis v. Lowery (In re Lowery), 440 B.R. 914, 922 (Bankr. N.D. Ga. 2010); Fowler v. Vineyard, 261 Ga. 454, 455-56, 405 S.E.2d 678, 680 (1991); Kent v. Kent, 265 Ga. 211, 211-12, 452 S.E.2d 764, 766 (1995))(internal quotation marks omitted).

### A. The parties to the Litigation are the same as the parties to this adversary.

In this case, all elements are met. First, the parties to the adversary match the parties to the Litigation: Plaintiff is plaintiff in both actions, and Debtor is defendant in both actions.

### B. The issue decided by the Litigation is the same as the issue presented in this adversary.

Next, while the elements that a creditor must prove under § 523(a)(2)(A) differ slightly from the elements that a plaintiff must prove under a state law cause action for fraud, the essence of both actions is the same.

In Georgia, to recover for fraud, a plaintiff must establish five elements: (1) that defendant made a false misrepresentation or omission of a material fact; (2) that defendant knew the representation was false at the time he made it; (3) that defendant intended to deceptively induce plaintiff

8

to act or refrain from acting; (4) that plaintiff justifiably relied on the representation; and (5) that plaintiff suffered damages as a result of his reliance.[4] See Home Depot U.S.A., Inc. v. Wabash Nat'l Corp., 314 Ga. App. 360, 367, 724 S.E.2d 53, 60 (2012)(citing ReMax North Atlanta v. Clark, 244 Ga. App. 890, 893, 537 S.E.2d 138 (2000)); see also Sun Nurseries, Inc. v. Lake Erma, LLC, 316 Ga. App. 832, 835, 730 S.E.2d 556, 561 (2012)(citing Summit Automotive Grp. V. Clark, 298 Ga. App. 875, 880(3), 681 S.E.2d 681 (2009)).

However, for a debt to be excepted from discharge based on fraud under 11 U.S.C. § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a false representation with the intention of deceiving the creditor; (2) the creditor relied on the representation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the representation. See In re Wood, 245 F. App'x 916, 917-18 (11th Cir. 2007)(citing In re Bilzerian, 153 F.3d 1278,

---

[4]    While Georgia courts have listed the elements of fraud in different ways, the list enumerated here is derived primarily from the Judgment in the Litigation. (See A.P. Dkt. No. 19 Ex. D.) Elements two and three both relate to the element that some courts call "scienter," which is defined as "[a] degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission; the fact of an act's having been done knowingly . . . ; [a] mental state consisting in an intent to deceive, manipulate, or defraud." Black's Law Dictionary 1463 (9th ed. 2009).
    The Judgment does not use the phrase "inducing the plaintiff to act," but by stating element three as a representation "made with the intention or purpose of deceiving the Plaintiff," the Judgment incorporates the principle of acting deceptively to incite another to act.

AO 72A

1281 (11th Cir. 1998)); see generally Field v. Mans, 516 U.S. 59 (1995)(holding that justifiable reliance is required under § 523(a)(2)(A)).

Unlike in a state court action for fraud, in a § 523(a)(2)(A) action, there is no enumerated knowledge element; however, the idea that the debtor had knowledge is implicit in the idea that the debtor made a false representation with the intent to deceive. As all other elements of the state and federal actions overlap, there is identity between the fraud litigated in the Superior Court and the fraud at issue in this § 523(a)(2)(A) action.

### C. There was actual and final litigation of the issue in question.

Having decided that the 523(a)(2)(A) action presents the same issue as that presented in the Superior Court Litigation, I next consider whether the issue was actually and finally litigated in the Superior Court. First, since the Judgment specifically addressed each element of fraud and determined that each was met, the issue of whether the Debtor acted fraudulently has been actually litigated.

Furthermore, the Judgment was final. In Georgia, a "judgment is not final as long as there is a right to appellate review," Cox v. Mayan Lagoon Estates, Ltd., 734 S.E.2d 883, 890

10

(Ga. Ct. App. 2012)(citing <u>Greene v. Transport Ins. Co.</u>, 169 Ga. App. 504, 506(3), 313 S.E.2d 761 (1984)), and a party has 30 days from the entry of judgment to file an appeal, O.C.G.A § 5-6-38. In this case, Debtor did not appeal the Judgment within the prescribed time (A.P. Dkt. No. 18); thus, the Judgment is final.

### D. The adjudication of fraud was essential to the Superior Court Litigation & the parties had a full and fair opportunity to litigate the issue.

The fourth and fifth elements of collateral estoppel are also present in this case. Here, as the Judgment decided only the issue of whether Debtor acted fraudulently, the issue was essential to the Judgment. Furthermore, the Judgment was rendered after a bench trial where Debtor had the opportunity to fully litigate the issue.

### III. Conclusion

Accordingly, as all five elements are met under the facts before me, the principle of collateral estoppel applies to this adversary. Since the Superior Court has already determined that Debtor acted fraudulently in incurring the Debt and established that Debt as $170,892.71, Debtor is precluded from re-litigating that issue in this adversary. Therefore, under § 523(a)(2)(A), there is no genuine issue of whether the Debt was procured by fraud.

AO 72A

**ORDER**

Plaintiff's motion for summary judgment is **ORDERED**
**GRANTED.** The Debt of $170,892.71 established by judgment of the
Superior Court of Glynn County, Georgia is **ORDERED** excepted from
discharge in the underlying chapter 7 bankruptcy case of Gregory
H. Slayton pursuant to 11 U.S.C. § 523(a)(2)(A).

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of March, 2013.

12